JOEL SMALL v. HENRY BONNABEL — CHARLES A. JACOBS. Warrantor.

Parties who obstruct the use of the public road are liable in damages.

APPEAL from the District Court, Third District, Parish of Jefferson. *Clarke,* J. *Jourdan,* for plaintiff. *Schmidt,* for defendant and appellant.

VOORHIES, J. The plaintiff has cumulated several demands in this action. He alleges that the defendant has, within the year, illegally taken possession of

part of his land fronting on the bayou Metairie; that on the portion thus taken, which forms a part of the public road, the defendant has cut a canal and erected a fence, whereby he is deprived of the use of said road and bayou, greatly to his damage; that he and the other proprietors of the Metairie are interested, for the benefit of their property, to have the use of the whole width of said road; that said bayou is public for all persons, and its free access, which is highly beneficial to him, is thereby interrupted; and that the defendant's boundary, according to his titles, does not extend to the South side of said bayou. He, therefore, prays that the defendant's boundary be accordingly established; that he be condemned to restore to plaintiff, and to the public use, the land thus unlawfully taken by him; that he be condemned to remove his fence from said land, and ordered to fill up said canal; and in default of so doing, that the same be done by the proper officer, at his cost and charge; and that he be condemned to pay the plaintiff five thousand dollars damages.

The defendant, after pleading the general issue, avers that the present boundaries of his land have been established, and exist unchanged, from time immemorial; that the plaintiff's action is barred by the prescription of ten, twenty, and thirty years. He further avers that the plaintiff has, for a long time, encroached upon and appropriated to his own use a portion of said public road, and the only road by which the defendant has ingress to and egress from his land, in consequence of which he has sustained three thousand dollars damages, for which he prays judgment; and also prays that *Charles A. Jacobs*, his vendor, may be cited in warranty, &c.

*Charles A. Jacobs*, in his answer, avers that according to the metes and bounds assigned to the property conveyed by him to the defendant, and made with reference to the sheriff's deed of sale, no liability whatever attaches to him in relation to the subject matter in dispute.

Upon these pleadings, and the evidence adduced by the parties, this case was submitted to a jury, who rendered a verdict in favor of the plaintiff against the defendant, and in favor of the latter against his warrantor. This verdict was set aside, and a new trial granted. On the second trial the jury rendered the following verdict: "We, of the jury, find for the plaintiff that his title extends to bayou Metairie, and find one thousand dollars damages for plaintiff, and that the defendant move his fence to the North side of the bayou Metairie, and that the space of sixty feet on the South side be kept open for a public road, and in demand in warranty, we find in favor of the warrantor." From the judgment rendered thereon, after fruitless efforts to obtain a new trial, the defendant has appealed.

The record shows that *Pierre Langliche*, from whom all the parties derive their titles, originally owned a tract of land containing twenty arpents front on each side of the bayou Metairie, which he acquired by purchase from *Andres Almonaster y Rosas*, on the 1st of October, 1787. On the 24th of January, 1793, *Langliche* conveyed to *Joseph Beaulien* a portion of this land, containing three arpents on each side of said bayou. On the 24th of January, 1800, he also conveyed to *Louis Forneret* nine arpents front on the South side of said bayou. In the conveyance, the land is described as fronting the road—"Nueve arpanes de frente al camino, orillando el bajou." There is no evidence of the divestiture of *Forneret's* title. It appears from the recital in the act of sale from the estate of *François Dorville*, père, deceased, to *François Dorville*, made on the 24th of August, 1824, that the deceased acquired the same tract of

land from *Joseph Deville Degoulin Bellechasse*, on the 29th of July, 1807. On the third of June, 1834, it was sold at public auction as the joint property of *François Dorville*, deceased, and *Jean Baptiste Auvignac Dorville*, and purchased by *Samuel Moore*, who conveyed the same, on the 26th February, 1836, to *Joseph Kenton*, from whom the plaintiff purchased three arpents front of said tract. Subsequently, the plaintiff purchased three arpents front from *Mrs. Wm. J. Johnson*, making six arpents front on the South or East of bayou Metairie, as claimed by him. There is no evidence in the record showing any conveyance of the three arpents from *Kenton* to *Mrs. Johnson*; but in the deed of sale from her to the plaintiff, it is stated that she acquired the same from *Kenton* by authentic act, passed before the same Notary on the 18th of June, 1843. Be it as it may, it is considered immaterial to the decision of this case. And here it may be proper to remark, that in all the mesne conveyance to which we have referred, the land in question is invariably described as fronting on the bayou, except in the conveyance from *Langliche* to *Forneret*.

The lots of ground claimed by the defendant constituted a part of the tract of land of seventeen arpents front on the North side of the bayou Metairie, which *Jacobs* purchased from *Angélique Aury* on the 22d of March, 1836. The latter acquired the same by inheritance, and by virtue of the last will of her mother, *Adélaïde Demony*, who acquired the same under the last will of her husband, *Pierre Langliche*.

It appears that *Jacobs* had previously conveyed this land to *Courval, Giraud, Pardon* and *Bonnabel*, the defendant, describing it as fronting on the North side of the bayou Metairie. Afterwards, it was seized, advertised and sold by the sheriff, under an order of seizure and sale at the suit of *Charles A. Jacobs*, to whom it was adjudicated, and by whom the same was divided into lots, four of which were purchased by the defendant, on the 28th of May, 1839. In the description of these lots an error is alleged to have been committed. We consider this immaterial.

Considering the evidence in connection with the admissions of the parties in the proceedings, we do not think the jury have erred in their conclusion as to the public road; and it is clearly shown that the defendant's canal and fence are on the same.

Under this state of facts, it is obvious that the defendant has not committed any trespass on the plaintiff's land. But the object of this action seems to be substantially the abatement of a nuisance, which the plaintiff has clearly the right to maintain. See *Herbert* v. *Benson*, 2 An.

The only question, therefore, which remains for our consideration, is the question relative to the damages. Is the plaintiff entitled to recover any? If so, what amount? The act of the defendant, obstructing the use of the public road, was clearly illegal. "Every act whatever, of man, that causes damage to another, obliges him by whose fault it happened to repair it." C. C., 2294. From a careful examination of the evidence in relation to the damages, we have not been able to concur with the jury in their conclusion. One of the witnesses testifies that he would assess the damages sustained by plaintiff at from $1000 to $2000. Another witness says that "a fence made between his house and the bayou, in violation of his rights, would injure his property one-fourth of its value." Other witnesses testify that they consider the injury sustained by plaintiff in consequence of being deprived of the use of the bayou, to be equal to one-half of the value of his property. The estimates thus made were evi-

dently based upon the hypothesis that the canal and road were to remain permanent fixtures. It is not shown that the plaintiff has sustained any specific damages. *Woodworth*, one of the witnesses, says : "Access to the water in the bayou was a great advantage to the place. Knows that *Mr. Canton* had to dig a well twenty or thirty feet to have water. He would not give fifty dollars for all the lands on both sides of the bayou." On the whole, we think the evidence insufficient to justify us in allowing any damages to the plaintiff.

It is, therefore, ordered, adjudged and decreed that the judgment of the District Court be avoided and reversed, so far as it condemns the defendant to pay damages, and in all other respects affirmed, and that the costs of the appeal be paid by the appellee.