No. 3632

Second Circuit

___

**BARRE v. POLICE JURY OF THE PARISH OF AVOYELLES**

___

(June 2, 1930.   Opinion and Decree.)
(July 5, 1930.   Rehearing Refused.)

___

Porterie, Bordelon & Roy, of Marksville, attorneys for plaintiff, appellee.

N. I. Normand and L. L. Bordelon, of Marksville, attorneys for defendant, appellant.

DREW, J. During the early part of the year 1927, the police jury of the parish of Avoyelles, by proper resolution, created road district No. 5, in which it set out the boundaries of the district, levied a special tax, and issued bonds therefor. Soon after the creation of the district the bonds were sold and an amount of $35,000 realized. On March 2, 1927, the police jury appointed a road commission, composed of citizens living in the district, to assist and advise with the police jury as the governing authority of road district No. 5 in the preparation and mapping out of the road program for the district.

The police jury and road commission did not build the road themselves but succeeded in getting the highway commission to undertake the construction of the road, the police jury turning over to the credit of the highway commission $32,000 and agreeing to furnish the right of way for the construction of the Hamburg-Big Bend route No. 585.

The police jury paid eight or ten different persons for right of way through their property, and for moving fences, chimneys, houses, etc., but did not pay the plaintiff anything for his property used in making the highway. In locating the highway it took a strip of land on the front of the plantation of plaintiff, who is a non-resident, amounting in area to 4⅛ acres, and segregated two small plots, triangular in shape, between the road and the levee, aggregating 803/1000 of an acre, rendering same valueless to plaintiff.

The road was built during the summer of 1927, and plaintiff had knowledge of it during the latter part of 1927. On October 10, 1929, plaintiff filed this suit against the police jury for the value of his land taken by the right of way and the two small tracts rendered valueless to him. He alleges the land was worth $100 per acre, and prays for judgment accordingly.

Defendant denied all the allegations of plaintiff's petition, on the theory that if any damage was done and any amount was due plaintiff that the Louisiana highway commission was the one that owed it and not the police jury.

On these issues the case went to trial in the lower court and judgment was rendered for plaintiff, fixing the acreage used by the highway at 4⅛ acres and that of the two small tracts that were segregated from the remainder by the road at 803/1000

of an acre and allowing plaintiff the sum of $85 per acre for these two tracts.

Defendant has appealed from that judgment and has filed in this court a plea of prescription of one year, basing the same on one allegation of plaintiff's petition wherein he alleges that the police jury "unlawfully appropriated, without consent, authority of, or compensation" the above described land.

Defendant contends that this allegation controls the kind of action, and that it alleges an action in tort, and is barred by the prescription of one year.

We cannot agree with the contention of defendant. The claim is in the nature of a personal action for the value of the land.

Such a demand is not one for damages ex delicto, for a tort, or wrongful entry upon the lands of the claimant; it is in the nature of a personal action for the value of lands the fee to which has been passed to the police jury by a quasi alienation. Mitchell v. N. O. & N. E. R. R. Co., 41 La. Ann. 363, 6 So. 522; Taylor v. N. O. Terminal Co., 126 La. 422, 52 So. 562, 139 Am. St. Rep. 537.

Articles 2630 to 2633 of the Revised Civil Code provide for the expropriation of property for roads by any corporation constituted under the laws of this state. The articles of the Code cited are identical with section 1479, 1480, 1481, and 1482 of the Revised Statutes. Section 1479 of the Revised Statutes was amended and re-enacted in 1886 by Act No. 117 of that year. The effect of that amendment was to give to the state, and to any political corporation thereof, the same right to expropriate lands for the public use as was given railroads and other quasi public corporations for their purposes under the procedure provided by sections 1480 and 1481 of the Revised Statutes, or, which is the same, under that provided by articles 2631 and 2632 of the Revised Civil Code, and to amend article 2630 of the Code accordingly. Since the passage of Act No. 117 of 1886, section 1479 of the Revised Statutes has been amended by Act No. 96 of 1896, Act No. 227 of 1902, Act No. 208 of 1906, and Act No. 123 of 1910, but in each of these acts the right granted the state and its political corporations by the Act of 1886 has been retained. Act No. 95 of 1921 (Ex. Sess.) deals with the same matter but is only applicable to highways that have been designated as state highways by acts of the Legislature. There is also an act of the Legislature of 1928 (No. 176), dealing with the same matter, but having been passed since the completion of the road involved in this suit, can have no effect here.

We review the law applicable to expropriating land for right of way for public roads, for the purpose of showing that the law of the state specifically sets out in what manner a police jury or other corporate body can and should acquire rights of way.

Amendment 5 to the Constitution of the United States reads, in part, as follows:

"Nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

Section 2 of article 1 of the Constitution of Louisiana reads as follows:

"No person shall be deprived of life, liberty or property, except by due process of law. Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid."

"No one can be deprived of his property unless for some * * * public utility and on consideration of an equitable and previous indemnity and in a manner previously prescribed by law." Rev. Civ. Code, art. 497.

It can be readily seen that for the police jury to take plaintiff's property without his consent, and without instituting expropriation proceedings, was unlawful appropriation by the police jury, and an allegation to that effect does not change the action from a personal action for the value of the land taken to one in tort.

The plea of prescription of one year is overruled.

It is unnecessary to review the evidence in passing on the merits of the case. The district judge has written an opinion which, we think, is correct. There is no denying that 4⅛ acres of plaintiff's front and best land was taken in the right of way for the road, and that 803/1000 of an acre was divided into two small triangles and segregated from the remainder of the land. The very situation of those triangular pieces, between the road and the levee, render them useless to the plaintiff and of no value to him.

The testimony as to the value of the land is conflicting, varying from $50, by one defense witness, to $100 an acre by the plaintiff and his witnesses.

The lower court fixed the value of the land at $85 per acre, and we see no reason to disturb his finding.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed.