ODOM, Justice.
 

 Plaintiffs own a rice farm in Calcasieu parish and for irrigation purposes maintain a canal which runs parallel with, and near to, a public road. On each side of the canal there is a levee about four feet high. In the year 1931 the Louisiana highway commission built a paved highway along the line of the old road. It was found necessary to widen the old road, and in doing so the contractor encroached upon plaintiffs’ levee; removed a quantity of earth, and in places practically destroyed it. The present suit is for the recovery of the value of the earth removed and the damage done to the levee.
 

 The highway commission, in answer, denied that it had encroached upon plaintiff’s property, and during the progress of the trial filed a plea of prescription of one year. This plea was overruled by the trial judge, who found for plaintiffs and gave them judgment for $1,318.10. The highway commission appealed. Plaintiffs answered the appeal, praying that the judgment be increased to the extent of $2,500, which is the alleged amount of damage to the plantation.
 

 The right of way of the old public road established more than thirty-five years ago was only forty feet wide. But in 1914, when the police jury improved the road by gravel-ling it, the right of way was widened by the addition, of a 10-foot strip on each side, making the new right of way 60 feet wide.
 

 In order to obtain this additional width, the police jury appointed a jury of freeholders of the parish to lay out the road with the width desired, as provided by section 3369 of the Revised Statutes. The freeholders, with the assistance of the parish engineer, laid out the road and made their report, and on November 4, 1914, the report was accepted and approved. The minutes of the police jury of that date read in part as follows:
 

 “Motion of Mr. S. M. Lyons, duly seconded and carried that commissioners’ report be adopted, right of way declared a public road and commissioners discharged.”
 

 No appeal from this proceeding was taken by plaintiffs’ author in title as permitted under Rev. St. § 3370, and, while counsel for plaintiffs argue that, due to certain minor irregularities in the proceedings, which they point out, the police jury did not legally acquire this additional right of way, we find it unnecessary to pass upon the point raised in this respect, for the reason that the case
 
 *457
 
 is with plaintiffs on another point. For the purposes of this decision, we shall assume that it did acquire the additional right of way as provided in the sections of the Revised Statutes above referred to.
 

 Sections 3369 and 3370 of the Revised Statutes do not prescribe a method by which police juries may acquire title to the land needed for public road purposes, but only a method by which they may acquire a right of passage or a servitude over the land, the fee remaining in the owner of the soil. Civ. Code, art. 658; Bradley v. Pharr, 45 La. Ann. 426, 12 So. 618, 19 L. R. A. 647; Fuselier v. Police Jury, 109 La. 551, 33 So. 597; Police Jury v. Martin, 140 La. 848, 74 So. 170.
 

 What the police jury acquired in this case under the proceeding adopted and all it acquired was a mere servitude over these additional 10-foot strips of land on the sides of the old road. But the additional 10-foot strip on plaintiffs’ side of the road was' never taken possession of and was never used by the police jury until after the lapse of more than ten years after the proceeding was taken in 1914. When the road was gravelled in 1915, it was not found necessary to use any of this additional width on plaintiffs’ side of the road, and, as stated, it was not used.
 

 On the contrary, when the proceeding to widen the road was had, plaintiffs’ author in title was physically in possession of, and was using, the identical 10-foot strip of land over which the police jurj acquired the servitude, and that use was continuous and uninterrupted for more than ten years thereafter. The levee on the side of the irrigation canal is built on this 10-foot strip. It' has been kept up and constantly used by the owners of the land for more than thirty years.
 

 The result is that the police jury and the public have lost the servitude by nonusag‘2.
 

 “A right to servitude is extinguished by the nonusage of the same during ten years.” Civ. Code, art. 789.
 

 This plantation was owned by a man named Locke when the servitude was acquired by the police jury in 1914. It seems that he registered no complaint at the police jury’s proceeding. Nor was any made by his successors until this suit was filed. But that plea cannot now be urged by defendant; the facts being that the police jury never took possession of the land and never exercised the servitude acquired.
 

 The plea of prescription was properly overruled. More than one year lapsed between the date on which plaintiffs’ property was taken and damaged and the filing of this suit. But this is not a tort action to which the prescription of one year applies under article 2315 of the Civil Code. Barre v. Police Jury, 14 La. App. 155, 128 So. 694; De Moss v. Police Jury, 167 La. 83, 118 So. 700, 68 A. L. R. 336.
 

 The highway commission is a state agency, as are levee boards and police juries, and it has been repeatedly held that such agencies cannot take or damage private property for public purposes without paying due and adequate compensation. McGeehan v. Levee Board, 165 La. 242, 115 So. 473; DeMoss v. Police Jury, supra; Booth v. Highway Commission, 171 La. 1096, 133 So. 169, and authorities cited.
 

 
 *459
 
 We shall not disturb the judgment as to the amount due plaintiffs. The record satisfies us that value of the property taken and the damage done warrant a judgment for the amount allowed.
 

 Appellee moved to amend the judgment by allowing an additional amount of $2,500 as damage to the plantation. The amount awarded by the district judge is sufficient to pay the expense of repairing the levee. But it is argued by counsel that the new work, not being settled, is not as strong as the old, and that this may have a tendency to depress the market value of the plantation. This is far-fetched. This claim is purely speculative, and cannot be allowed.
 

 The judgment is affirmed, with costs.