LUTHER E. HALL, Judge pro tem.
Shell Pipe Line Corporation, a common carrier, proposed to construct, maintain and operate a pipe line for the common carriage of petroleum and petroleum products from the mouth of the Mississippi River to its refinery at Norco, Louisiana.
In laying its line in St. Charles Parish the corporation found it necessary to cross defendant’s property near Luling, Louisiana, and by virtue of this suit sought to expropriate for that purpose a servitude or right of way of a 50 foot strip of land temporarily during construction of a 20 inch petroleum pipe line, reverting to a 30 foot permanent right of way after completion.
The 50 foot right of way, or servitude, occupies 0.97 acres of land, and the 30 foot permanent right of way occupies 0.58 acres of land.
Judgment was rendered by the trial court expropriating the servitude to plaintiff upon payment of the sum of $1,000, as full and final compensation for the right of way or servitude and for resultant or consequential damages to the remainder of defendant’s tract of land. The judgment further provided that the pipe line shall be buried to such a depth as to provide a minimum of three feet coverage; that defendant shall retain ownership and use of the property with the right to cultivate same, build fences and other structures thereon and generally to use same as its own subject to an obligation imposed on defendant not to interfere with the use, operation, maintenance and repair of the pipe line by plaintiff and not to construct any building nearer than 10 feet to the center of the pipe line as laid across defendant’s property. The judgment further gave defendant the right to construct roads across the pipe line and servitude but forbade the construction by defendant of roads horizontally or longitudinally upon said servitude.
From this judgment defendant brings this appeal.
*746 It is conceded that the sole question here presented for determination is the amount to be awarded defendant for the taking of the right of way.
The tract of land owned by defendant across which the pipe line will he constructed consists of 102 acres in St. Charles Parish on the West Side of the River below the village of Luling. This tract commences about 900 feet hack from the Mississippi River and extends back away from the river. Along the side of the tract nearest the Mississippi River and adjoining this side along its entire length of 837 feet runs the Texas and Pacific Railroad. The pipe line right of way under consideration here runs across the 102 acre tract along the same side, abutting and adjoining the railroad in its entire length so that it does not at any point separate any part of defendant’s land from any other part. The rear or South Side of the 102 acre tract is bounded by the Southern Pacific Railway.
All of the witnesses testified that the tract is a nice piece of ground, level and cleared, though unimproved.
Mr. E. Holland Johnson, expert witness for plaintiff, found the fee value of the tract to be $1,500 per acre or $864 for the fee value of the 0.58 acres involved in the permanent 30 foot strip. He fixed the right of way value at 75% of the fee value or $648. For the temporary use for construction purposes of the extra 20 foot wide strip Mr. Johnson assessed a rental value of $40.32. The total of these two figures, put in a round figure of $700, is the amount due the landowner according to Mr. Johnson. He found no resulting or consequential damage to the remainder of defendant’s land.
Mr.- Max Derbes Sr., plaintiff’s other expert appraiser, placed a fee value of $1,500 per acre on defendant’s tract and the value of the 30 foot servitude at $524.70 and allowed $46.56 for the temporary use of the 20 foot additional strip for a total of $571.-26. Mr. Derbes also found that there would be no severance damage to the remainder of the tract.
Defendant used two expert witnesses, Mr. Louis J. Badalamenti and Mr. Omer F. Keubel.
Mr. Badalamenti who owns property neighboring defendant’s tract fixed the value of the property here taken (a right of way over 0.58 acres) and damages at $4,500 and the temporary use during construction of the 20 foot strip at $500. It is noted that immediately after giving these figures, Mr. Badalamenti testified that “either the first part of this year or the latter part of last year” he had offered defendant $2,000 per acre for this land, a figure rather inconsistent with his appraisal of $5000 for the right of way on little more than half an acre.
Mr. Keubel found the fee value of the 0.58 acres covered by the permanent right of way to be $1,160 based on an appraisal of $2,000 per acre for the fee value of this portion of defendant’s tract. He did not deduct anything from the fee value of the 0.58 acres in arriving at the right of way value, and to this $1,160 figure he adds $1,300 damages to the remainder of the tract based on taking 50 feet for an anticipated road off this side of defendant’s tract and calculating there will be 13 lots of 60 feet each along said road which will be damaged $100 per lot. Mr. Keubel then values the temporary servitude of the 20 foot extra strip at $40, for a grand total of $2,500.
The principal difference between the appraisals of plaintiff’s experts and that of the defendant’s experts seems to be due to the fact that defendant’s experts formulated- their calculations predicated upon the prime consideration of the highest and best use of this land at the time of its taking for subdivision purposes.
The tract in question has never been subdivided and although plaintiff’s experts admitted that it would be good ground for subdivision at some future time, they tes *747 tified that there is no present call and no present market for subdivision lots in the vicinity; that placing a subdivision value on it at the time of the filing of these proceedings would be pure speculation. See Transcontinental Gas Pipe Line Corp. v. Bourgeois, La.App., 116 So.2d 888; Plaquemines Parish School Board v. Miller, 222 La. 584, 63 So.2d 6.
We are confronted here with nothing more than a question of fact and we find nothing manifestly erroneous in the judgment appealed from.
An award of the trial court in expropriation proceedings will not be disturbed unless manifestly erroneous. Barre v. Police Jury of Avoyelles Parish, 14 La.App. 155, 128 So. 694; Louisiana Power & Light Company v. Dileo, La.App., 79 So.2d 150.
Affirmed.