240 So.2d 915 (1970)
Clifton CONRAD
v.
Mackie E. REINE.
No. 4049.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1970.
Rehearing Denied December 7, 1970.
Ralph R. Miller, Norco, for plaintiff-appellant.
Remy F. Gross, II, Laplace, for defendant-appellee.
Before REGAN, CHASEZ and REDMANN, JJ.
*916 CHASEZ, Judge.
The litigation under consideration stems from a dispute between neighboring property owners. Appellant, Clifton J. Conrad (Conrad) owns two lots in Laplace, Louisiana on which his home is located. His lots face, but do not abut, the Airline Highway which runs through Laplace. The property between Conrad's lots and the Airline Highway is allegedly owned by defendant-appellee, Mackie E. Reine (Reine). Reine also owns the property to the rear and to one side of Conrad's lots. The property on the fourth side of Conrad's lots is owned by a third person, not a party to the suit.
The dispute arose when Reine erected a fence (consisting of iron stakes with a cable passing through the stakes) along the front of Conrad's property. Reine then placed fill on his side of the fence, or between Conrad's front property line and the Airline Highway. On the filled area Reine stationed a mobile home to be used for rental purposes. The mobile home blocked Conrad's driveway as well as his view from the front of his home.
Conrad filed an injunction suit alleging that the particular strip of ground on which the mobile home was placed was a road; this according to acts of sale in his chain of title which indicated a "farm road" bordered Conrad's lots to the front. If the strip of land is a road, then clearly Reine would have no right to place a trailer home on it.
From a hearing which denied plaintiff's plea for injunctive relief, but which ordered defendant to improve plaintiff's driveway, plaintiff has lodged this appeal.
The main thrust of appellant's argument is that the strip of ground which parallels his front property line was dedicated to the public as a road at some point in the past and as so dedicated it cannot be used by the appellee for private purposes.
Louisiana has recognized two types of dedication, statutory and implied. Statutory dedication originates from Act 51 of 1930 (LSA-R.S. 33:5051) which sets forth the requisites for a statutory dedication. The courts have held that the dedication becomes complete immediately upon recordation of the plan or map and that substantial compliance with the statute, rather than letter-strict adherence is all that is necessary to create a valid statutory dedication. Arkansas-Louisiana Gas Co. v. Parker Oil Co., 190 La. 957, 183 So. 229, (1938).
The statute provides that whenever the owner of real estate wishes to subdivide his property with the intention of selling any of the lots he must have the land surveyed, set permanent stakes, inscribe the legal description of the property on the map or plat, and file a correct map of the divided estate in the office of the keeper of notarial records of the parish where the property is situated before selling any square or lot or any portion of any square or lot in the subdivision.
Although only substantial compliance with R.S. 33:5051 is necessary, it seems paramount that in order to create statutorily dedicated streets or alleys, the plot or map be recorded prior to sale of any lot, which was not done in the instant case.
An examination of the chain of title divulges the following pertinent facts. On November 25, 1948 Guy Reine who owned the entire tract of land, later known as Reine Subdivision, sold to Mackie Reine a portion of the tract of land containing 14.61 acres of ground. In the act of sale Mackie Reine also purchased the title to certain strips of land which bordered his newly acquired property subject to the existing servitudes on them, one of which was a 20 foot right of way for a road (the "road" now in question).
On December 11, 1948 Mackie Reine by Act of Sale conveyed two lots of his property to Peter J. Conrad (plaintiff's father) which lots were contiguous to the "road" and fronted the "road" for a distance of some 105 feet. The lots were designated Numbers 23 and 24 of Plot No. 2. The title *917 to the right of way under the road, however, was not conveyed to Peter J. Conrad.
On January 6, 1949, a map of Reine Subdivision was recorded in M.O.B. 00 folio 84 #9685 in the Parish of St. John the Baptist.[1]
Relating back to R.S. 33:5051 to the language which says the owner must cause to be recorded a correct map of the subdivision, it is clearly seen that the recordation of the subdivision had no effect on the property sold to Mackie Reine including the so-called "road" because this property no longer belonged to the owner of the alleged subdivision, presumably Guy Reine. Therefore there was no statutory dedication of the "road" in question and, unless there was an implied dedication, the property forming the right of way for the road belongs in complete ownership to Mackie Reine.
When there is an implied dedication of a road, title to the property underlying the road does not vest in the public; only a servitude is granted. Arkansas-Louisiana Gas Co. v. Parker Oil Co. supra. Non-use of the strip of land as a public road for a period of time in excess of ten years will result in termination of the servitude of public use. Parish of Jefferson v. Doody, 247 La. 839, 174 So.2d 798 (1965); Paret v. Louisiana Highway Commission, 178 La. 454, 151 So. 768 (1933); LSA-C.C. arts. 789, 3546; Yiannopolis, Civil Law of Property, § 35.
Mr. Guy Reine testified that although the road was laid out on the map the road never did physically exist.
By Act of Sale on June 27, 1961 Peter J. Conrad sold the two lots to his son Clifton Conrad who built his home on them a short time afterward. In the property description it was mentioned that the two lots were bounded on one side by a "projected farm road". Mr. Peter J. Conrad testified that he never made use of the lots from the time he purchased them in 1948 until he sold them to his son in 1961, clearly in excess of ten years. Any servitude as a result of any implied dedication has, thus, been lost.
Plaintiff argues that he does use a portion of the road because his driveway crosses the "road" at a perpendicular angle. This argument does not impress us as a use of the road which would maintain a viable servitude.
We must, therefore, conclude that the strip of ground contiguous and parallel to the front of plaintiff's two lots is not a road but belongs to defendant, Mackie Reine, in full ownership.
The only right plaintiff has to use the property in question is to cross over it in order to get onto the Airline Highway. He is entitled to a servitude of access because his lots are entirely enclosed and away from a public road. LSA-C.C. art. 699. Plaintiff has complained that due to the fence erected across his driveway the driveway had to be moved and he now has to make a curving maneuver in order to get into his carport. Unfortunately this is an inconvenience which plaintiff must endure. Civil Code article 703 provides that "he who owes the servitude may change it from one place to another, in order that it be less inconvenient to him, provided that it afford the same facility to the owner of the servitude." Mackie Reine was within his rights when he moved Conrad's driveway from one point to another in order to make use of his own property.
The trial court in its judgment ordered defendant to place clam shells or other appropriate material on the driveway to insure its good condition for purposes of ingress and egress. Under the circumstances, *918 this was an equitable resolution and it will not be disturbed by us.
For the foregoing reasons the judgment in favor of defendant, Mackie Reine, and against plaintiff, Clifton Conrad, dismissing plaintiff's suit for injunctive relief but ordering Mackie Reine to recondition plaintiff's driveway is affirmed. As in the trial court, each party is to bear his own costs.
Affirmed.
REDMANN, Judge (dissenting).
Defendant in 1948 sold to plaintiff's father small, residential-sized lots out of a "subdivision" according to a 1935 Landry survey "which plan of survey", the recorded conveyance recited, "is made part hereof by reference". (This is the survey which was filed of record in 1949the record does not reflect by whom.) In my opinion, as between the subdivider-defendant and his purchaser, this is adequate compliance with R.S. 33:5051.
But even assuming this was not sufficient to dedicate the streets, I point out that under Acts 1930, No. 51, § 2 (now R.S. 33:5052) it was a misdemeanor to sell any subdivision lot prior to compliance with the requirements of now R.S. 33:5051. Defendant cannot be heard to allege his own misdemeanor as a means of defeating the very purpose of the statute he violated. The "manifest purpose" was exactly to protect a purchaser of a "subdivision lot" from ending up with anything less; Stafford, Derbes & Roy v. De Gruy, 172 La. 160, 133 So. 430 (1931).
And finally, even assuming there was no statutory dedication but only a servitude, it appears to me a distinction must be made between a road property is sold to front on, and a road which is merely an access route. The road on which a city-sized lot fronts necessarily implies, in my opinion, a servitude of view for the house which is expected to be built on the lot. This servitude of view prevents the obstructing of the view, C.C. art. 716, which is a continuous servitude, art. 727, which is lost not by mere nonuse but only by the prescription of ten years "from the day any act contrary to the servitude has been committed", art. 790, which means an obstruction preventing the view, art. 791. Thus in no case could defendant be entitled to have large trailers stationed in the road, blocking plaintiff's view.
NOTES
[1] This plat of the Reine Subdivision, made by H. E. Landry. C. E., dated September 9, 1935, was filed of record herein as a result of stipulation between counsel for both parties at the trial of the case and was considered by the Court.