MARVIN, Chief Judge.
In this action to declare a part of a rural dirt road to be a public road under LRS 48:491, the successful plaintiff, Danforth, nonetheless appeals the judgment that declares the entire road to be public.
Danforth’s neighbor on the south, defendant Liles, does not complain of the declaration, but contends the trial court judgment was correct. The defendant police jury did not argue on appeal. Danforth contends that only the southern half of the road was at issue and that the court should not have allowed, over his objection, any evidence of maintenance on the northern half of the road. We agree with Danforth and amend the judgment accordingly before affirming.
The road in question is about a mile long. The road and the relationship of the lands of Danforth and Liles are shown on this plat, roughly to scale:
*709 [[Image here]]
The Claiborne Parish Police Jury maintained the portion of the road south of the Danforth barn before and after Danforth purchased his property in 1968. The road was regularly graded, culverts were installed, some gravel was placed on the road occasionally, and a ditch was once cleared. The police jury discontinued its maintenance of the portion of the road south of Danforth’s barn in 1984. Danforth was unsuccessful in his efforts thereafter to have the police jury resume its maintenance.
Danforth sued the Police Jury and Liles to have the road through Liles’ property declared to be a public road. He also sought to have Liles permanently enjoined from closing the road, to declare that the Police Jury could not abandon the road, to be awarded damages from Liles, and, in the alternative, to be maintained “in possession” of the road.
In his amended petition, Danforth specifically sought judgment declaring the road through Liles’ property to be a public road. Danforth objected to testimony about the *710 north half of the road as irrelevant, arguing that the part of the road north of Danforth’s barn site was not at issue and had not been maintained for at least 22 years. Testimony concerning the entire road, including the part of the road north of the barn was allowed by the trial court, but subject to Danforth’s objection, which was made general as to all testimony of that nature.
Liles argues that Danforth's petition does not limit or define a part of the dirt road that Danforth contends is a public road. It is obvious to us from the transcript, however, that Liles was aware that Danforth’s suit focused on the road south of the barn. Liles complained during trial that Danforth was attempting to “cut off” the dirt road by limiting the evidence to the southern half. Liles contends that by filing suit to have even a portion of the road declared public, Danforth has placed the character of the entire dirt road at issue.
Public use of a part of a road may be extinguished by the 10-year prescription of non-use while another part of that road remains a public road. See Bell v. Tycer, 97 So.2d 448 (La.App. 1st Cir.1957), citing Paret v. Louisiana Highway Commission, 178 La. 454, 151 So. 768 (1933). We conclude that a part of a road may be declared to be public. Danforth effectively placed only that part of the road south of his barn site at issue by his pleadings and by his objection. The status of the part of the road north of the Danforth barn site was not before the trial court. Whether that part of the road has or has not been abandoned or lost because of non-use is an issue for another action. The objection precluded any enlargement of the pleadings and 'the trial court was without jurisdiction with respect to the north half of the road. Tassin v. Setliff, 470 So.2d 939 (La.App.3d Cir.1985).
The judgment declared the entire road to be a public road and enjoined Danforth and Liles from interfering in any manner with the road’s maintenance by the Police Jury. The judgment further recognized the Police Jury’s discretion to abandon or resume maintaining the road and rejected Dan-forth’s demand for damages.
Danforth’s other assignments of error are moot. No litigant complains that the road south of the barn site was declared a public road. Only Danforth appeals.
DECREE
The trial court’s judgment is amended to affect only the southern half of the road running northerly from Liles Road, through Liles’ property, and through Dan-forth’s property to the Danforth barn site.
At the cost of Liles and as amended, the judgment is AFFIRMED.