JOSEPH E. COREIL, Judge Pro Tem.
The Union Bank filed suit to enjoin Malcolm Baudin from impeding free passage along a gravel road named Nicole Drive located in Marksville, Louisiana. The court below adjudged Nicole Drive a public road. In so ruling, the trial court enjoined defendant, Malcolm Baudin, from impeding public passage at any point along Nicole Drive. Baudin did not timely appeal the injunction; however, Baudin appeals the decree holding Nicole Drive a public road. We affirm the trial court’s ruling.
FACTS
Malcolm Baudin owned a large tract of land in Avoyelles Parish. He subdivided a portion of that tract and, on May 17, 1983, a plat of survey was made. It was recorded in the public records of Avoyelles Parish, illustrating the property in question. The public record states, “Plat of Survey— showing parcels of land divided, as instructed for Mac Baudin, said parcels to be sold at a later date.” The public record declared that Nicole Drive provided access to lot “D.” A copy of that survey is reproduced as follows:
*691 [[Image here]]
*692 Lot “D” was owned by Bryan I. Dauzat and Melanie Baudin Dauzat. Melanie is the daughter of the defendant herein. Lot “D” is situated at the end of Nicole Drive and is one of two tracts listed as lots purportedly sold to Melanie and Bryan Dauzat for “$100.00 and other valuable consideration” by act of sale from Malcolm Baudin, dated May 19, 1983 and recorded in the records of Avoyelles Parish, Louisiana.
On June 14, 1983, Melanie and Bryan Dauzat executed an act of mortgage on Lot “D” in favor of the Union Bank. They defaulted, and Union Bank filed a petition for executory process against the Dauzats on February 1, 1990. Union Bank was appointed “keeper” of the property during the pendency of the Executory Proceedings[1].
On April 18, 1990, Union Bank filed a petition for temporary restraining order and preliminary injunction alleging that Malcolm Baudin obstructed free passage on Nicole Drive by constructing a cable across the width of the roadway. The petition further alleges that Nicole Drive is a public road dedicated by Malcolm Baudin.
After a hearing, the court found Nicole Drive to be a public road by reason of statutory, or at least implied, dedication and enjoined Malcolm Baudin.
Baudin appeals only the decree holding Nicole Drive to be a public road. He contends that he never intended the roadway to be a public thoroughfare, but a private drive where he and his children were to reside.
DISCUSSION
Did the recordation of the Baudin plat effect a statutory dedication of the road in question?
The dedication of a road may be accomplished in four ways: “formal dedication,” “statutory dedication,” “implied dedication,” and “tacit dedication.” This case concerns the “statutory dedication.”
STATUTORY DEDICATION
The statute relied upon is as follows:
“§ 5051. Platting land into squares or lots before sale; filing map of land; limitations on dedications
A. Whenever the owner of any real estate desires to lay off the same into squares or lots with streets or alleys between the squares or lots and with the intention of selling or offering for sale any of the squares or lots, he shall, before selling any square or lot or any portion of same:
(1) Cause the real estate to be surveyed and platted or subdivided by a licensed land surveyor into lots or blocks, or both, each designated by number.
(2) Set stakes, which shall be permanent in nature, at all of the corners of every lot and block thereof, properly marked so as to designate the correct number of each lot and block.
(3) Write the legal description of the land on the plat or map, and cause to be made and filed in the office of the keeper of notarial records of the parish wherein the property is situated and copied into the conveyance record book of such parish, and a duplicate thereof filed with the assessor of the parish, a correct map of the real estate so divided.
B. The map referenced in Subsection A of this Section shall contain the following:
(1) The section, township, and range in which such real estate or subdivision thereof lies according to government survey.
(2) The number of squares by numerals from one up, and the dimensions of each square in feet and inches.
(3) The number of each lot or subdivision of a square and its dimensions in feet and inches.
(4) The name of each street and alley and its length and width in feet and inches.
(5) The name or number of each square or plat dedicated to public use.
(6) A certificate of the parish surveyor or any other licensed land surveyor of this state approving said map and stating that the same is in accordance with the *693 provisions of this Section and with the laws and ordinances of the parish in which the property is situated.
(7) A formal dedication made by the owner or owners of the property or their duly authorized agent of all the streets, alleys, and public squares or plats shown on the map to public use.
C. Formal dedication of property as a road, street, alley, or cul-de-sac shall impose no responsibility on the political subdivision in which the property is located until:
(1) The dedication is formally and specifically accepted by the political subdivision through a written certification that the road, street, alley, or cul-de-sac is in compliance with all standards applicable to construction set forth in ordinances, regulations, and policies of the political subdivision, which certification may be made directly on the map which contains the dedication; or
(2) The road, street, alley, or cul-de-sac is maintained by the political subdivision. Amended by Acts 1988, No. 367, § 1; Acts 1988, No. 510, § 1.”
Compliance with the provisions of La.R.S. 33:5051 imposes on subdividers of land certain duties, including the filing of plats and the recordation of a formal dedication. This is known as “statutory dedication.” When a road is formally dedicated, then its ownership is vested in the public. Conrad v. Reine, 240 So.2d 915 (La.App. 4 Cir.1970).
The provisions of La.R.S. 33:5051 need not be complied with rigorously, and substantial compliance may effect a statutory dedication. See Dart v. Ehret, 466 So.2d 1336 (La.App. 5 Cir.1985), writ denied, 468 So.2d 575 (La.1985); L.E.C., Inc. v. Collins, 332 So.2d 565 (La.App. 1 Cir. 1976); Garrett v. Pioneer Production Corp., 390 So.2d 851 (La.1980). A statutory dedication therefore may exist even though there is no language in the plat formally dedicating lands to public use. Morris v. Parish of Jefferson, 487 So.2d 647 (La.App. 5 Cir.1986).
Nevertheless, the intention to dedicate must be clearly established. Banta v. Federal Land Bank of New Orleans, 200 So.2d 107 (La.App. 1 Cir.1967), writ denied, 251 La. 46, 202 So.2d 657 (La.1967). If the fact of the dedication is doubtful, the court must look to the surrounding circumstances to determine whether there was an intent to dedicate. Pioneer Production Corp. v. Segraves, 340 So.2d 270 (La.1976).
Union Bank supports its contention that there was a statutory dedication by the recordation of survey performed at the request of Malcolm Baudin in the records of Avoyelles Parish. On that survey plat, different tracts were drawn off and designated. A roadway was indicated by the name “Nicole Drive.” The plat of survey is dated May 17, 1983, and was recorded subsequent to the sale of the property to Melanie and Bryan Dauzat.
The record reveals that the requirements of § B(4) and (7) of the statute were not met. However, as Union Bank contends, this substantial compliance could accomplish statutory dedication.
Baudin argues that even if non-compliance with (4) and (7) is considered a minor deviation, that most importantly, the plat of survey must be recorded prior to any sale. He cites Conrad v. Reine, supra, for this contention. Our Louisiana Supreme Court qualified that holding of Conrad in Garrett v. Pioneer Corp., supra. It held that if a sale of land occurs prior to rec-ordation of the plat or map, a statutory dedication may still be proven by the conduct of the parties in interest. And, as the court stated, implicit in the act of filing the plat is the indication of intent of a subdivi-der to dedicate streets to public use.
Baudin testified that he had the survey made and subdivided in order to plot each separate piece of land he intended to sell or deed over to each of his children. He claims that he never intended that anyone other than his children would own the property.
We do not find that a contrary factual determination is required considering Bau-din’s actions in recording the plat. Under well settled principles of law, a trial court’s *694 determination of fact will not be disturbed upon appellate review in the absence of manifest error. The factual determination should be affirmed where, as here, it is grounded upon evidence which may reasonably support it.
We agree with the trial court’s finding that the defendants have proven substantial compliance with the statute and established Baudin’s intention to dedicate the streets to public use.
Based on the foregoing, we affirm the trial court in its ruling that Nicole Drive is a public street subject to statutory dedication. We need not address Union’s alternative argument of implied dedication.
Costs of these proceedings are assessed to defendant, Malcolm Baudin.
AFFIRMED.

. Since trial, Union Bank purchased Lot "D” and all improvements.