FOURNET, Justice.
 

 Plaintiff, as owner of Jones Island, over and across which runs the Hammond-New Orleans Highway, instituted this suit against the defendant to recover rent at the rate of $7.50 per month for a period of 46 months for a 25-foot strip of land fronting on the said highway north of Pass Manchac, by a depth of 50 feet, leased to him, on which he constructed a post office building, and also to recover damages in the sum of $2,300 for obstructing access to .its land and for compensation for the use of a portion thereof by his unauthorized construction of a restaurant and refreshment building immediately in front of plaintiff’s property, located partly on the shoulder of the highway and partly on plaintiff’s property, and, further, for the removal of the building.
 

 Defendant admitted the execution of the lease but averred that the post office building was not erected on land belonging to the plaintiff. He also admitted the construction of a building immediately adjoining the post office building and fronting on the Hammond-New Orleans Highway, but denied that it is located on any portion of or obstructs access to plaintiff’s property, and further averred that the building rests exclusively on the right of way of the Hammond-New Orleans Highway.
 

 On the trial of the case there was judgment for the plaintiff in the sum of the rent claimed, but its demands in all other respects ■were rejected. Plaintiff has appealed.
 

 It is admitted in the argument, both oral and in brief, by counsel for the plaintiff and for the defendant, that the defendant has settled with the plaintiff for the rent claimed and as fixed by the judgment of the lower court. The sole controversy before us, therefore, is whether or not plaintiff is entitled to its claim for damages and to have the defendant remove the building.
 

 The record shows that plaintiff, Jones Island Realty Company, on December 14, 1922, by notarial act, dedicated a right of way in favor of the Louisiana Highway Commission “* * * for the construction and maintenances of a public road from Hammond, La. to New Orleans, La., * * * ” over and across its property known as Jones Island, and being situated in Sec. 4, Tp. 9 S., R. 8 E., in Tangipahoa parish, immediately north of Pass Manchac. On
 
 *459
 
 August 21, 1933, through its agent H. W. Robinson, it executed a lease to the defendant, L. H. Middendorf, Jr., for that portion of the land “ * * * about 150 feet north of the water edge of Pass Manchac and extending thence 25 feet front on the East side of the Hammond'Highway with a depth of 50 feet * * * ” for a monthly consideration of $7.50. Defendant erected a small rectangular building about 12 feet wide, partly on the above right of way and partly on plaintiff’s property, to be used as a post office building. Subsequently, about July of 1936, without the consent or authority of the plaintiff, defendant constructed another building, for the purpose of conducting a restaurant and bar room, immediately adjoining the original building constructed, and, according to the admitted testimony, the second building
 
 is
 
 located exclusively on the right of way of the Hammond-New Orleans Highway, with the exception of the extension or part consisting of a kitchen, bed room, and porch, which is adjacent and contiguous to the post office building.
 

 The record further shows that plaintiff’s property is low swamp land, immediately adjoining the shores of Pass Manchac, and that the same is frequently under water.
 

 Defendant filed exceptions of no right and no cause of action in this court and argued that according to the facts of the case the plaintiff is not entitled to any damages for occupancy of the property in controversy because the post office building and that portion of the new building constructed (kitchen, bed room, and porch) adjoining same are together only 24 feet wide and are located on the 25-foot strip of land leased from plaintiff in 1933 and that the main building, used as a restaurant, is located exclusively on the right of way of the Hammond-New Orleans Highway, and that plaintiff is not entitled to its claim for damages for obstruction of its right of access for the reason that its (plaintiff’s) property fronts on the highway for a distance of 1700 feet. He further contends that plaintiff is without right to have the building removed because the Louisiana Highway Commission is the owner of the right of way in fee and is not complaining.
 

 As stated in Corpus Juris: “An •abutting owner has two distinct kinds of rights in a highway, a public right which he enjoys in common with all other citizens, and certain private rights which arise from his ownership of property contiguous to the highway, and which are not common to the public generally; and this regardless of whether the fee of the highway is in him or not.” Vol. 29, paragraph 263, at p. 547.
 

 A mere reading of the act of dedication conclusively shows that plaintiff did not intend to convey title in fee to the property described in the act of dedication to the Louisiana Highway Commission, but merely to grant a servitude. The dedication is of that “ * * * portion of the right of way of the Hammond New Orleans Highway * * * as follows: Being
 
 a right of way
 
 in Section No. 4 T 9 S. R. 8 E, in the Parish of Tangipahoa, immediately north of Pass Manchac, * * *
 
 two hundred (200) feet strip right of way
 
 * * The consideration is “ * * * the advantages accruing to it [plaintiff] by reason of the location of the Hammond-New Orleans
 
 *461
 
 Highway, through and upon its property * * The act contains the further provision that it is “ * * * expressly understood and agreed that
 
 this dedication and transfer of the above described strip of ground is made for and shall be solely used for the construction and maintenances of a public road from Hammond La. to New Orleans, La.
 
 * * *
 
 and for no other purpose.”
 
 (Italics and brackets ours.) The Louisiana Highway Commission was, therefore, without right or authority to make any other use of the right of way than the purpose provided for in the act, or to permit anyone else to do so. The defendant) having by his unauthorized and illegal act obstructed plaintiff’s property, is liable to plaintiff in damages and may be compelled to remove the building. Noel Estate, Inc., v. Kansas City Southern & Gulf Ry. Co. et al., 187 La. 717, 175 So. 468, and cases therein cited. See, also, Bradley v. Pharr, 45 La.Ann. 426, 12 So. 618, 19 L.R.A. 647; Small v. Bonnabel, 8 La.Ann. 292; Herbert v. Benson, 2 La.Ann. 770.
 

 But in the instant case the only testimony offered to support the amount of damages claimed by the plaintiff was that of Mr. Beck Henricksen, plaintiff’s manager, who expressed his opinion as to what he thought plaintiff should be allowed for damages without offering any sound or reasonable basis therefor. We have reached the conclusion, however, that under the facts and circumstances of this case an award of $200 will compensate the plaintiff for the damages it has suffered.
 

 For the reasons assigned, that part of the judgment of the lower court before us for consideration is annulled and set aside and it is now ordered, adjudged, and decreed that there be judgment in favor of plaintiff, Jones Realty Company, and against L. H. Middendorf, Jr., in the sum of $200, with legal interest from date of judicial demand, and that the defendant is hereby ordered to remove the building located on the right of way of the Hammond-New Orleans Highway immediately in front of plaintiff’s property and used by him as a restaurant and bar, defendant to pay all costs.