GLADNEY, Judge.
This suit was instituted by James F. Winningham and his wife against J. C. Hill and J. S. Willis, Sr., for injunctive relief to cause the removal of a gate constructed by Hill across a twenty-foot strip of property which plaintiffs contend had been dedicated by Willis for public use. There being no genuine issue of fact, both plaintiffs and defendants filed motions for summary judgments and after consideration the trial court ruled in favor of defendants and rej ected the plaintiffs’ demands. Hence this appeal.
In 1959 Wayne E. Williamson, C. E., placed on record in Webster Parish an official plat of the J. S. Willis Subdivision, Unit No. 1. This plat besides reflecting the numbers and size of each lot and other material data, disclosed the existence of a road designated as such running along or adjacent to the north side of Lots 9-13 inclusive, and a portion of Lot 8. The road then bears easterly and turns north along the west sides of Lots 1-5, inclusive. The Subdivision has a total of thirteen lots. Only Lots 6 and 7 and a portion of Lot 8 have no ingress or egress to the road. The plat also indicates an area of land 20' by 378' which lies between the “Road" and Lake Bistineau. The north line of this plot of land coincides with the south line of Lot 5 and the south line of the plot coincides with the north lines of Lots 6, 7 and 8. As depicted on the plat, the 20' by 378' area is unmarked and not designated by any symbol or character to indicate it was reserved for public use or public purpose. J. S. Willis, Sr. in 1962 caused Lots 6 and 7 to be resurveyed so as to include that portion of the twenty-foot strip bordering upon these lots. The official plat of the resurvey renumbered Lots 6 and 7, as enlarged, as Lots 6A and 7A. The plaintiffs are the owners of Lots 8, 9 and 10 and the defendant Hill owns Lots 6A and 7A.
In the trial court when the motions for summary judgment were submitted, the sworn statements of Willis and Williamson *385 became a part of the record. These attested that Willis had never intended for the twenty-foot strip to be dedicated to public use, that it was his intention to reserve it for his own private purposes, and that by reason of an amicable arrangement between Willis and Hill, the latter was given consent to make use of this property and construct thereon the gate and enclosure to which plaintiffs object.
This appeal presents as its only issue whether or not the twenty-foot strip has by reason of the filing and recording of the two plats in accordance with LSA-R.S. 33:5051 become statutorily dedicated. The plaintiffs assume the position the dedication occurred simply by reason of the filing into the public records of the plats relating to the Willis Subdivision. On the other hand, the defendants assert there has been no dedication for as much as the failure to mark the 20' by 378' strip so as to designate it as a street, road or alley evinces the clear intent of the owner, J. S. Willis, Sr., to reserve the property for private purposes.
The trial court predicated its judgment on Collins v. Zander, La.App., 61 So.2d 897 (Orl.Cir.1952), United Gas Pipeline Company v. New Orleans Terminal Company, La.App., 156 So.2d 297 (4th Cir. 1963) ; and Mecobon, Inc. v. Police Jury of Jefferson Parish, 224 La. 793, 70 So.2d 687 (1954). In Collins v. Zander, the question before the court was whether or not a fifteen-foot strip of land shown on a recorded plat or plan and duly filed in the conveyance records for the Parish of Jefferson was dedicated for public use. A mandatory injunction was sought to compel removal of a fence which obstructed plaintiff’s use of the strip which was depicted and designated on the plat as a “15' lawn walk”. The court concluded that the characterization above referred to placed on the plat or plan evidenced the positive intent of the owner or dedicator that such strip was to be actually used for public purposes, and accordingly rendered judgment in favor of the plaintiffs. In discussing the general principles governing dedications the court quoted from Dillon on Municipal Corporations, 5th Ed. vol. Ill, Section 1079, as follows:
“An intent on the part of the owner to dedicate is absolutely essential, and unless such intention can be found in the facts and circumstances of the particular case, no dedication exists. But the intention to which courts give heed is not an intention hidden in the mind of the land owner, but an intention manifested by his acts. It is the intention which finds expression in conduct and not that which is secreted in the heart of the owner, that the law regards. Dedications have been established in every conceivable way by which the intention of the party can be manifested.
“Where a plat is made and recorded and lots are sold with reference thereto, the requisite intention is generally indisputable.”
The same principle is enunciated in the case of United Gas Pipeline Company v. New Orleans Terminal Company, supra, as follows:
“Whether there has been an intent to dedicate property to public use is a question of fact which may be inferred only from acts of acquiescence from the owner that would exclude every hypothesis but that of dedication. Mere silence on the owner’s part and failure to protest against the use of land by the public does not in law amount to an assent to a dedication to public use. Donaldson’s Heirs v. City of New Orleans, 166 La. 1059, 118 So. 134; Bomar v. City of Baton Rouge, 162 La. 342, 110 So. 497; DeGrilleau v. Frawley, 48 La.Ann. 184, 19 So. 151; Torres v. Falgoust, 37 La.Ann. 497.” [156 So.2d 297, 299-300]
Mecobon, Inc. v. Police Jury of Jefferson Parish is most apposite to the question under consideration. In that case, the owner desiring to sell certain lots in *386 accordance with LSA-R.S. 33 ¡5051 filed a plat which indicated the boulevards and streets delineated and named as such on the plat. Also disclosed on one of the recorded plats was a sketch showing a triangular portion of ground which did not exhibit any signs or symbols to indicate it was intended by the owner to be public property. This plot of land was the subject matter of the controversy before the court. In deciding that the evidence did not indicate an intention on the part of the owner to dedicate the triangular space to the public for use as a park or otherwise, the court commented:
“We are referred by the defendant to numerous decisions of this Court to the effect that the owner who makes a plat on which spaces are left indicating the dedication of roads and streets and sells lots with reference to the plat does by that fact dedicate these spaces to the public as roads or streets. Relying on this, it is defendant’s contention that sales of lands made in the Bonnabel subdivision with reference to the Bonnabel map of May 1915, constituted such a dedication in this case. That, of course, may be true with regard to the streets and boulevards which are specifically named in the dedication made by Mr. Bonnabel by notarial act on June 9, 1916 but we do not think that the rule can be extended to include the plot of ground which bears no more semblance of dedication than the mere symbols which have been referred to. It would seem to us that if that had been his intention, it should have been more clearly expressed, for under the jurisprudence of this Court such an intention is essential and it must be clearly established. [Authorities cited.]” [70 So.2d 687, 692]
Our consideration of the record leads us to the same conclusion as that of the trial judge. The absence of symbols or marks to designate some use from which may be inferred a public purpose is strong indication that the owner intended to retain the use of said property for private purpose. The evidence in this case fails to show such a dedication of the property for public use. Accordingly, we are unable to find any manifest error in the ruling of the trial judge and for that reason the judgment is affirmed at appellant’s cost.