289 So.2d 527 (1973)
STATE of Louisiana Through the DEPARTMENT OF HIGHWAYS
v.
Robert G. CLAITOR.
No. 9642.
Court of Appeal of Louisiana, First Circuit.
December 17, 1973.
Rehearing Denied February 11, 1974.
*528 Edwin R. Woodman, Jr., Baton Rouge, for appellant.
Robert R. Rainer, and W. Frank Gladney, Baton Rouge, for appellee.
Before SARTAIN, TUCKER and WATSON, JJ.
TUCKER, Judge:
This is an expropriation suit. In connection with the widening of Perkins Road, also designated as State Rte. No. 427, the State, through the Department of Highways, procured an order, expropriating a strip of land, fronting on the northerly side of Perkins Road, allegedly containing 3379 square feet, varying in width from three (3) to seventeen (17) feet, said tract allegedly being owned by the defendant, Robert G. Claitor. The order of expropriation was obtained on January 22, 1969 and the State deposited the sum of $8,000.00 as the true and correct value of the property taken. The defendant Claitor withdrew the deposit without prejudice to his claim that the amount was less than the true value of the strip expropriated.
On February 24, 1972 the State filed a supplemental and amended petition urging that its original action was based on the erroneous belief that Claitor's title to the property was an unencumbered fee ownership. The plaintiff claimed that, subsequent to its expropriation proceeding, it learned of documents previously filed which reduced defendant's ownership to considerably less than a fee title, and prayed that the deposit be reduced drastically to the sum of $10.00, which represented the true value of Claitor's interest in the property at the time of expropriation.
This change of position by the State was occasioned by a map prepared by Edward E. Evans & Associates, Inc., dated August 21, 1968, which was attached to several instruments, affecting the title to the property, including an act of Exchange between Robert Claitor and August Kiser; and an Act of Sale from August Kiser, et ux. to Lawrence W. Brooks, Jr. The State argues that the subject map specificially makes note that the disputed property was dedicated to the public, the language on the *529 map "Street Dedication. ..... 3379 sq. ft." referring to the strip in question, operates as an effective and legally binding street dedication.
In argument the State refers to the two forms of dedication extant in Louisiana, namely, the statutory form, and the implied "common law" dedication type.
The defendant filed several pleadings seeking to strike and disallow the supplemental and amended petition, primarily levelled at the proposition that the State had full knowledge of or was chargeable with the knowledge revealed by the public records, which reflected the filing of the instruments to which the subject map was attached and that such knowledge, whether actual or constructive, reprobated the State from altering its original stand that the defendant was the owner of an unencumbered fee simple title to the subject strip of land. The record also contains a written document entitled "Authorization to Sell", dated April 1, 1968 and recorded August 9, 1968 whereby Claitor authorized Mr. Brooks to sell a piece of property 150 feet square with language denoting that the parties intended that Claitor would retain the subject strip of property, lying on the northerly side of Perkins Road with the anticipation that the State would require this property for the widening of Perkins Road.
The trial court pretermitted ruling on the exceptions and motions filed by the defendant to the supplemental and amended petition of the plaintiff, and decided the case on the merits in favor of the defendant Claitor, fixing the true value of the land expropriated at the sum of $14,721.76. The State has appealed from this judgment, maintaining that the trial court erred in finding that the property expropriated had not been encumbered at the time of expropriation by either a dedicated public or a private servitude. We hold that the trial court judgment is correct and it will be affirmed.
We acknowledge and accept the principles of law expressed in the cases of Parish of Jefferson v. Doody, 247 La. 839, 174 So.2d 798 (1965); Village of Folsom v. Alford, 204 So.2d 100 (La.App. 1st Cir. 1967); Deville v. City of Oakdale, 180 So. 2d 556 (La.App. 3d Cir. 1965) and Chevron Oil Company v. Wilson, 226 So.2d 774 (La.App. 2d Cir. 1969), writ refused 254 La. 849, 227 So.2d 593 (1969). These cases pronounce precepts dealing with the methods and ways by which property may be dedicated to the public use, either in statutory form or by implied common law dedication. Of course, the provisions of R.S. 33:5051, setting forth the procedure by which a statutory dedication may be effectuated, need not be fully performed as long as there is substantial compliance with the requisites of the pertinent statute. Most of the cited cases involve instances in which a subdivider has had placed of record a subdivision plan which clearly delineates, designates and allots certain definitive areas of the property for streets and perhaps other servitudes. The filing of such maps or plats of subdivisions substantially complying with the provisions of the statute, unquestionably creates a servitude in the public, irrespective of the intention of the subdivider.
The cases cited by the state are inapposite to the facts of the case at bar. In the subject case the facts do not present an instance in which a landowner was in the act of subdividing his property. The record is replete with uncontradicted evidence that the State, and we are firmly convinced negotiated with reference to the transfer of the relatively small tract by some conventional act. The parties were unable to agree on the value of the property, and the private negotiations fell by the wayside. On the other hand the State contends, though it considered the property to be worth $8,000.00 for an unencumbered fee title when the expropriation suit was originally filed, the filing of the plats and maps attached to the instruments involving the *530 property in which the terminology "Street Dedication", acquiesced in and signed by the defendant, effectuated a statutory dedication, or, in the alternative, that the granting of a servitude across the disputed strip to the owner or subsequent owners of the adjoining tract, in the event the State did not expropriate considerably reduced the value of any interest in the property which was reserved by Mr. Claitor.
The primary problem posed is whether, despite the fact the defendant clearly did not intend to donate his property to the State, his actions in signing or initialing language on the plats or maps seemingly denoting a dedication to the public of the strip, legally has accomplished this result. We think not. The law is clear that where a subdivider of land places of record a plat plan or map of a subdivision delineating the precise location of roads and passage-ways, substantially in compliance with R.S. 33:5051, a statutory dedication results, irrespective of the intention of the subdivider. However, the facts are different here in that the defendant took no deliberate or affirmative step toward dedicating or donating the land to the State, and we are firmly convinced that he was unaware of the language in question printed on the plat by the engineer, or, if he did have such knowledge, that he did not attach any particular legal significance to same. The engineer, Henry K. Schott, employed by Edward E. Evans & Associates, Inc., who prepared the map or plat in question, testified that the language "Street Dedication ... .3379 Sq. ft." was taken from highways maps or plans, and Mr. Schott further stated that Mr. Claitor did not indicate to him his intention to give the subject tract to the Highway Department. Likewise, the engineering work and preparation of the Schott plat, involving tract A-1, which included the subject strip, had nothing to do with subdividing a tract of property into lots.
We do not hesitate to agree with the trial judge to the effect defendant landowner did not statutorily or impliedly dedicate the subject strip of land to the State. Mr. Claitor owned an unencumbered fee simple title in the said property.
While the plaintiff avers that just compensation for a full fee title interest in the property would not exceed the sum of $8,000.00, the trial court has given proper consideration to the expert appraisal testimony, has accepted the use of the market data approach in arriving at values due to the existence of "very good comparables". Therefore, the court a quo discarded the income data approach, which we believe is fully justified by the record.
In actuality the total land taken amounted to 3253.13 square feet rather than 3379 square feet. The trial court found that an area of 2250 square feet abutted the corner service station property, and fixed the value of this piece at $5.58 per square foot or a total just compensation figure of $12,555.00. For the remaining frontage on Perkins Road of 1,003.13 square feet, in accordance with comparables in the record, the trial court fixed the value at $2.16 per square foot, or a total just compensation of $2,166.76.
We consider that the total award to the defendant Claitor of the sum of $14,721.76, subject to a credit of $8,000.00 previously deposited by the State, is proper and correct.
For the reasons recited the judgment of the trial court is affirmed. The plaintiff-appellant shall bear such court costs as are required by law.
Affirmed.