LEMMON, Judge
(dissenting).
The issue in this case is whether the owner of immovable property abutting a public road can compel by mandatory injunction the removal of a structure located within the road right of way, when the structure is completely unrelated to the purpose for which the right of way was granted or to the lawful use of the right of way.
In Jones Island Realty Co., Inc. v. Middendorf, 191 La. 456, 185 So. 881 (1939) plaintiff obtained an order compelling removal of a building constructed on the highway right of way fronting plaintiffs property, although plaintiff owned 1700 feet of highway frontage.
In Bradley v. Pharr, 45 La.Ann. 426, 12 So. 618 (1893) defendant constructed a private railway on the public road in front of plaintiff’s land. The court held that the rights of an owner, whose land abuts a public road, are different from those of the general public, and that when the owner’s rights are invaded by construction of private works on the road, the owner may obtain injunction without proving special and immediate injury.
In numerous other cases the mandatory injunction has been used to compel the removal of erections and obstructions from roads, sidewalks, banks of navigable streams and public squares. See IV La.L. Rev. 422, 425 (1942) and the cases cited therein.
The sign in the present case, clearly lo-cáted within the right of way, was erected and is being maintained in violation of positive law prohibiting such a sign. R.S. 32:236. Thus located, the sign constitutes a detriment to plaintiffs’ free and full use of their property, either for access at that point or for effective placement of an advertising billboard on their land behind the sign. Accordingly, plaintiffs are entitled to the mandatory injunction sought against the Marrero Furniture Company, Inc.