PAVY, Judge.
This concursus proceeding concerns the right to landowner’s royalty attributable to land within a portion of Highway 90 in the City of Jennings. Pioneer Production Corporation, owner of leases from the City of Jennings and the heirs of John Segraves, deposited the royalty attributable to said property within the court registry and im-pleaded those opposing claimants to assert their rights.
*517 In 1918, John G. Segraves purchased a 30 acre tract of land immediately north of the Southern Pacific Railroad. This tract of land was traversed at its southern extremity by a road originally known as the Old Spanish Trail. In 1930, in order to improve and widen said highway (then known as the Welsh-Mermentau State Highway Route 2), John Segraves granted to the State of Louisiana a right of way over a strip or parcel of land 80 feet wide lying north of the railroad right of way and including the then present highway right of way. The language of this deed clearly indicates that it transferred a servitude interest only and that the fee was not included in that conveyance. In 1946, John Segraves proceeded to subdivide a portion of the property lying north of the highway and filed a plat of the subdivision and subsequent revisions and additions of said plat. The original plat and some of the revisions show the highway, designate it as “O.S.T. Rt. 90”, and give its dimensions. The plat contains a statement signed by Segraves that he formally dedicated “. . . to public use the streets as shown on this map.”
The learned trial judge in a well-considered. opinion held that the statutory dedication did not affect the highway, that the Segraves heirs still owned the fee and were entitled to the sums on deposit. Judgment was rendered accordingly. The City of Jennings has appealed, contending that, under R.S. 33:5051 and the jurisprudence holding that a statutory dedication results in a fee conveyance of the streets, it became vested with the fee title to Highway 90 shown on the subdivision plat. The Segraves heirs contend that said statute is not applicable because said highway was not part of the subdivision and said statute does not apply to the previously existing highway.
R.S. 33:5051 reads as follows:
“Whenever the owner of any real estate desires to lay off the same into squares or lots with streets or alleys between the squares or lots and with the intention of selling or offering for sale any of the squares or lots, he shall, before selling any square or lot or any portion of same, cause the real estate to he surveyed or sitbdivided by a licensed surveyer or civil engineer into lots or blocks, or both, each designated by number, and set stakes, which shall be permanent in nature, at all of the corners of every lot and block thereof, properly marked so as to designate the correct number of each lot and block; write the legal description of the land on the plat or map, and cause to be made and filed in the office of the keeper of notarial records of the parish wherein the property is situated and copied into the conveyance record 'book of such parish, and a duplicate thereof filed with the assessor of the parish a correct map of the real estate so divided, which map shall contain the following:
(1) The section, township, and range in which such real estate or subdivision thereof lies according to government survey.
(2) The number of squares by numerals from 1 up, and the dimensions of each square in feet and inches.
(3) The number of each lot or subdivision of a square and its dimensions in feet and inches.
(4) The name of each street and alley and its length and width in feet and inches.'
(5) The name or number of each square or plat dedicated to public use.
(6) A certificate of the parish surveyor or any other licensed surveyor or civil engineer of this state approving said map and stating that the same is in accordance with the provisions of this Section and with the laws and ordinances of the parish in which the property is situated.
(7) A formal dedication made by the owner or owners of the property or their *518 duly authorized agent of all the streets, alleys and public squares or plats shown on the map to public use.” (Emphasis in this opinion.)
A close and thoughtful reading of this act, with particular attention to the underscored language, leads to the conclusion that the act generally refers to property which is not then subject to any public servitude of passage or road right of way and that the dedication required or recognized (if no formal dedication is actually made) is of streets, alleys and public grounds shown on “. . . the map . . .”. The language “the map” must refer to that required to be filed in the clerk’s and assessor’s office which is a map of the “. . . real estate so subdivided .” or the real estate “. . . to be surveyed and platted or subdivided .” as mentioned in the first portion of that statute. Naturally enough, it could not be contended that one would subdivide an already existing street. To hold otherwise would require the completely unnecessary.
It is well settled in the jurisprudence that the purpose of this statute is to protect the purchasers of lots in the subdivisions by guaranteeing that they will have access to such streets. Such a purpose need not be furthered as to the land in question because it was already subject to a servitude of passage in favor of the public.
The fact that the highway is shown on the map does not make it part of the subdivided property or otherwise subject to the statutory dedication. This is for location and boundary purposes. The instances are extremely rare when a subdivision plat is made which eliminates a bordering road adjoining owners on other boundaries. To show such landmarks is simply good surveying practice.
Counsel for the City of Jennings cites the case of Arkansas-Louisiana Gas Company v. Parker Oil Company et al, 190 La. 957, 183 So. 229 (S.Ct.1938) and the jurisprudence following it as establishing a rule of property from which there should be no deviation. We recognize those authorities and the title-quieting values in them. But that jurisprudence does not cover the precise issue here. It settled firmly that only substantial compliance with the statute was necessary to effect the dedication and that the dedication vested a fee interest to the streets in the pertinent public body absent an intention or reservation by the landowner to retain ownership in the dedicated streets. It in no way dealt with the extent of the dedication insofar as land area itself is concerned.
We hold that a privately owned fee interest subject to a public thoroughfare which existed before the creation and platting of a subdivision or even before the sporadic sales (in contemplation of ultimate subdivision) is not subject to the fee-vesting effect of the statutory dedication unless the street is clearly shown as part of the subdivision by words or surveying symbols.
This being so, the City of Jennings obtained no fee interest in Highway 90 unless by force of the dedicatory language on the subdivision plat which was signed by John Segraves. This dedication must be construed in the light of its purpose, that is, to comply with the statutory requirements for laying out a subdivision. We think John Segraves was merely expressing his attempt to achieve such compliance and did not intend to dedicate to public use Highway 90 as to which there already existed a public servitude. The rule in the Arkansas-Louisiana Gas case did not establish an inexorable rule of fee vesting in connection with any thoroughfare shown on a subdivision plat. Neither did it establish an all-for-the-public-fisc policy even as to statutory dedications. Surely, it did not as to nonstatutory dedications. To say that Segraves intended to vest the fee in Highway 90 would be unrealistic. There was no reason to vest any interest whatsoever in the public because of the prior right of way and, a fortiori, there would be no reason for him to grant a fee inter *519 est. The Arkansas-Louisiana Gas case held that, absent a declaration or intention otherwise by the landowner, a statutory dedication vested a fee interest. It did not hold that a fee interest would vest from any nonstatutory dedication (if such there be here) where there was no reason for a dedication whatsoever.
Counsel for City of Jennings relies on the case of Chevron Oil Company v. Wilson, 226 So.2d 774 (2nd Cir., 1969). That case-may be factually distinguished in that the pre-existing thoroughfare traversed the property eventually subdivided. To the extent that the Chevron case holding conflicts with our ruling herein, we do not choose to follow it. See also Wilson Motor Company v. McDonald, 69 So.2d 91 (2nd Cir., 1953) and State v. Claitor, 289 So.2d 527 (1st Cir., 1974), both factually different from this case in certain particulars but generally supportive of .our approach herein.
Accordingly, for reasons assigned the judgment of the district court is affirmed. All costs of this appeal are to be paid out of the funds on deposit in the registry of the court.
Affirmed.