340 So.2d 270 (1976)
PIONEER PRODUCTION CORPORATION et al.
v.
Elizabeth Barnhill SEGRAVES et al.
No. 57783.
Supreme Court of Louisiana.
November 8, 1976.
Rehearing Denied December 10, 1976.
*271 Donald R. Jory, Jory & Donald, Jennings, Kenneth Gordon Jr., of Liskow & Lewis, Lafayette, for plaintiff.
F. Jefferson Millican, Jennings, for defendant-applicant.
CALOGERO, Justice.
This concursus proceeding arises out of conflicting claims by the heirs of John G. Segraves and the City of Jennings to royalty payments placed in the court registry by Pioneer Production Corporation. The payments constitute oil and gas revenue attributable to land beneath a portion of Highway 90 in the City of Jennings. Highway 90, formerly known as the Old Spanish Trail, borders land which Segraves subdivided in 1946.
Pioneer Production Corporation, owner of leases from the City of Jennings and from the heirs of John Segraves, impleaded those opposing claimants to assert their rights to the deposited funds.
The land in question was acquired by Segraves in 1918 when he purchased a thirty-acre tract immediately north and east[1] of the right of way of the Southern Pacific Railroad. The tract included at its southern extremity (parallel and adjacent to the railroad's right of way) the road known as Old Spanish Trail. In 1930, apparently to facilitate construction, or improvement, of U.S. Highway 90, John Segraves granted to the state an eighty-foot strip of land including the existing Old Spanish Trail. The parties agree that this deed conveyed only a servitude to the state, not complete ownership of the eighty-foot strip. In 1946, John Segraves subdivided a triangular portion of his property lying to the north of the eighty-foot servitude and filed a plat[2] and *272 several replats of the subdivision, known as Segraves Subdivision.
The issue in this case is whether Segraves granted to the City of Jennings by means
 *273 of these plats and replats a fee interest in the eighty-foot strip. Both courts below held that the City did not gain a fee interest in the property by means of the subdivision dedication. They found the heirs of John Segraves owners of the fee and thus entitled to the royalties in contest. 326 So.2d 516 (La.App.3rd Cir. 1976). We affirm.
Highways and streets are public property in this state only in the sense that they are subject to public use; their roadbeds are not necessarily owned by the state, but may instead be owned by local governments or even private persons. La. C.C. art. 658; Jones Island Realty Co. v. Middendorf, 191 La. 456, 185 So. 881 (1939); A. Yiannopoulas, Property, II La.Civ.L. Treatise § 33, at 101 (Supp.1975). But governments can gain ownership of those roadbeds in several ways, one such method being through statutory dedication. Arkansas-Louisiana Gas Co. v. Parker Oil Company, 190 La. 957, 183 So. 229 (1938); 16 La.L.Rev. 521 (1956). In the case at hand, it is agreed that the roadbed under the subject highway was owned in 1946 by John Segraves. The Segraves heirs maintain that the property subject to servitude in favor of the state remains their private property, but the City of Jennings argues that the property was transferred to the City in 1946 by virtue of the provisions of La.R.S. 33:5051 when Segraves subdivided a portion of his property. The City argues that when Segraves recorded the subdivision maps containing a reference to the highway, in so doing he dedicated to public use the property subject to the servitude along with the newly-formed streets of the subdivision.
The maps which are at issue here show the railroad tracks, designated "Main Tract Southern Pacific R.R.," and, parallel to the railroad, a strip of land one hundred ninety feet wide (which is divided into three strips of one hundred feet, thirty-one feet, and fifty-nine feet) with a designation near the center line of the concrete highway, "O.S.T. Rt. 90." The eighty-foot servitude is not indicated on the map. North of this strip are several "blocks" (mostly rectangular) subdivided into lots of various sizes. These "blocks" are separated by the newly-formed sixty-foot wide streets named Segraves, Winnie, Allen, and Sidney. Two of these streets, Segraves and Winnie, are perpendicular to and intersect "O.S.T. Rt. 90"; Sidney and Segraves Streets intersect Louise Street which borders the subdivision on the east. A drainage ditch is shown on the northern border of the property. Some of the subdivision lots front on the servitude and some front on Louise Street, although most of the lots front on the interior streets mentioned above. In the original survey maps, circles mark the corners of the blocks but do not delineate the property subject to the servitude nor the concrete highway thereon.
In addition to these markings, the plat contains this statement:
"I hereby certify that this map is in accordance with provisions of Act 51 of Legislature of Louisiana for year 1930 and with Laws and ordinances of the Parish of Jefferson Davis and City of Jennings, La.
(s) JASPER L. BOURGEOIS, Surveyor.
"I hereby formally dedicate to public use the Streets as shown on this Map. (S) J. G. SEAGRAVES, Owner."
The mention of the 1930 Act and the owner's dedication of the streets refer to the statutory requirements which set out procedures which a landowner could follow to create a subdivision in an urban area. The 1930 Act was the source provision for the present statute, R.S. 33:5051, which allows a landowner to subdivide his property so long as he fulfills certain requirements including formally dedicating to public use all the streets, alleys and public squares in the subdivision. The statute provides more fully that:
"Whenever the owner of any real estate desires to lay off the same into squares or lots with streets or alleys between the squares or lots and with the intention of selling or offering for sale any of the squares or lots, he shall, before selling any square or lot or any portion of same, *274 cause the real estate to be surveyed and platted or subdivided by a licensed surveyor or civil engineer into lots or blocks, or both, each designated by number, and set stakes, which shall be permanent in nature, at all of the corners of every lot and block thereof, properly marked so as to designate the correct number of each lot and block; write the legal description of the land on the plat or map, and cause to be made and filed in the office of the keeper of notarial records of the parish wherein the property is situated and copied into the conveyance record book of such parish, and a duplicate thereof filed with the assessor of the parish a correct map of the real estate so divided, which map shall contain the following: * * * * * *
(4) The name of each street and alley and its length and width in feet and inches.

(5) The name or number of each square or plat dedicated to public use.
* * * * * *
(7) A formal dedication made by the owner or owners of the property or their duly authorized agent of all the streets, alleys and public squares or plats shown on the map to public use." (emphasis added)
This statute provides for surveying and platting, or subdividing, into "squares or lots with streets or alleys between the squares or lots" and for the dedication to public use of all "streets, alleys and public squares" on the map. R.S. 33:5051(7). It is further required that the length, width, and name of each street be designated on the map in feet and inches. R.S. 33:5051(4). This language indicates that the legislature intended to require the platting and dedication of all of the newly-formed streets which were fashioned from the real estate to be subdivided because it refers to the streets as being between the lots; it requires that the length and width of each street be given; and it deals with "real estate to be subdivided," a phrase which does not reasonably include a pre-existing, bordering highway or right of way which does not traverse or in any way divide the real estate which is being subdivided. It is clear to us that R.S. 33:5051 in its requiring the formal dedication of all streets, alleys and public squares does not necessarily contemplate the dedication to public use of a bordering, existing right of way or highway.
The Louisiana statute conforms with the general goal of municipal planning throughout the country which is to preserve the public health and welfare by promoting systematic and harmonious growth in accordance with the needs of the entire community, not merely those of a particular subdivision. The layout of streets and alleys within the subdivision is of particular importance in this regard because of the need for alignment of new streets with existing streets, the need for new streets to meet certain minimum standards and dimensions, and the need for owners of the new lots to gain access to public thoroughfares. 54 Iowa L.Rev. 1121 (1969). Once the public has gained a conventional servitude of use over a highway, however, these policy requirements are fulfilled, and there is really no need for the public to own the land beneath the right of way and/or highway.
Although there was no need, as a policy matter, for the act of subdivision to dedicate the eighty-foot strip subject to servitude to the City of Jennings along with the beds of interior streets, the City argues that the recording of the plat effected the dedication of all streets and highways on the map, regardless of the need for public ownership of the previously-existing bordering highway right of way. The City points to the statement of John Segraves which appears on the map, and the case of Chevron Oil Company v. Wilson, 226 So.2d 774 (La. App.2nd Cir. 1969), writ refused 254 La. 849, 227 So.2d 593, to support its argument.
The inclusion on the map of the dedicating statement, as directed by R.S. 33:5051(7), does not persuade us that the servitude area of Highway 90 was a part of the dedicated property. We agree with the *275 Court of Appeal which stated that "[t]his dedication must be construed in the light of its purpose, that is, to comply with the statutory requirements for laying out a subdivision." 326 So.2d at 518. Had Segraves failed to include such a dedicatory statement, the subdivision streets would nevertheless have been dedicated, Parish of Jefferson v. Doody, 247 La. 839, 174 So.2d 798 (1965), and we do not feel that the inclusion of that statement by Segraves effected the dedication of any more property than was otherwise dedicated.
The Chevron case, relied upon by the City, dealt with the ownership of a road which had come into use through the sufferance of the landowner who later subdivided, surveyed, and filed a plat of his subdivision. The map noted the existence of the highway simply as an an "improved highway." The state claimed ownership through statutory dedication, but the landowner claimed that only a servitude had been created, earlier, by implied dedication. The Second Circuit held for the state, and relying on Parker, concluded that the facts presented amounted to a statutory dedication. Intention to dedicate was found from the platting, recording, and selling of lots according to the plat. The Court reasoned that "[t]o require an examiner to determine whether a road shown on a recorded subdivision plat had been the subject of an implied dedication prior to recording the plat would place a considerable burden on an examiner." 226 So.2d at 777.
The case now before us is distinguishable from Chevron because the road there completely traversed (or divided) the subdivision in question,[3] while in the instant case the servitude area at issue ran along the edge of the subdivision and did not cut across it at all. Moreover, the servitude area here was not the subject of a non-recorded, implied dedication as in Chevron but instead the subject of a recorded, conventional servitude which was a matter of public record in the parish just as was the later subdivision plat. No title examiner could have been misled by the difference between the newly-created streets within the subdivision (streets named Segraves, Winnie, Allen, and Sidney) and the Highway 90 servitude area to the south of the subdivision which had been the subject of a conventional, recorded servitude for many years.
A statutory dedication is properly to be gleaned from the instrument, or instruments, of record, rather than from evidence or purported intention dehors the record. On the other hand what is of record must be given a rational construction in ascertaining the purport of the instrument. When that rational construction negates an intent on the part of the subdividing landowner to dedicate a particular piece of land, the fact that a reference to the land appears on a map does not, of itself, effect a dedication to public use. In Winningham v. Hill, 164 So.2d 384 (La.App.2d Cir. 1964), the filing of plats indicating a twenty-foot by three-hundred seventy-eight foot strip of land without any symbols or marks from which a public purpose could be inferred was found insufficient to show dedication of the strip for public use. In Jefferson Parish School Board v. Assets Realization Co., 182 So.2d 818 (La.App. 4th Cir. 1966), plats indicating that a particular area was reserved for schools resulted in a finding that those areas were not dedicated to public use because the landowner did not intend thereby to dedicate them. And in the case of State Department of Highways v. Claitor, 289 So.2d 527 (La.App. 1st Cir. 1973) it was found that the fact alone that words of dedication are on a subdivision plat does not compel the result that the land in question has been dedicated.
In the case before us, the Third Circuit held that "a privately owned fee interest subject to a public thoroughfare which existed before the creation and platting of a *276 subdivision or even before the sporadic sales. . . is not subject to the fee-vesting effect of the statutory dedication unless the street is clearly shown as part of the subdivision by words or surveying symbols." 326 So.2d at 518. We agree with this conclusion.
The absence of circles or other surveyor marks delineating the eighty-foot strip, the position of the highway right of way on the border of the subdivision instead of traversing it, the subdivider's noncompliances with the statute with respect to indicating length and width of the right of way in feet and inches, the absence of any indication of exactly where the eighty-foot servitude lies in relation to the adjacent lots and the railroad right of way, and the fact that the property was the subject of a pre-existing conventional servitude granting use to the public are all indications that Segraves' plat of subdivision did not effect, and cannot reasonably be construed to have been intended to effect, a dedication of this property in question for public use.
Accordingly, we find no error in the ruling of the court below, and for that reason the judgment is affirmed. The costs of the appeal shall be taxed to the relator.
DIXON, J., dissentsChevron v. Wilson, La.App., 226 So.2d 244.
NOTES
[1] The railroad tracks and the highway right of way run in a southeast-northwest direction, and the tract subdivided lies to the northeast of the highway, but, for ease of description, the tracks and highway will hereafter be referred to as lying south of the subdivided tract. See plat reproduced in note two for further details.
[2] The plat Segraves filed in 1946 is reproduced on next page.
[3] Although the opinion does not describe the exact relationship between the highway and the lots, we have studied the plats in that case and confirmed that the highway at issue ran across the property being subdivided and that parcels of land on both sides of the highway were being subdivided into lots.