THERIOT, J.,
concurring with reasons.
|,I am in substantial, agreement with the majority’s opinion, but disagree with the majority’s analysis of the relevance of the pre-existing conventional servitude and its preclusive effect upon a finding of statutory dedication.
The majority cites two cases—Pioneer Production Corp. v. Segraves, 340 So.2d 270 (La.1976), and 6444 Associates, L.L.C. v. City of Baton Rouge, 2002-1779 (La.App. 1 Cir. 5/9/03) 851 So.2d 1169—in support of its finding that the existence of property subject to a pre-existing conventional servitude in the 2009 map filed with Ascensiori - Parish indicates that the map did not effect a statutory dedication of the property subject to the servitude. I find neither of the cases that the majority cites stands for such a broad proposition. Rather, it-is dear that the existence of a pre-existing servitude fórestalls a finding of statutory dedication only if the servitude grants the public rights in the subject property.
In Pioneer Production Corp., the Louisiana Supreme Court found the inclusion of a pre-existing servitude on a map filed with a dedication statement did not effect a statutory- dedication of the property subject to the servitude where the pre-exist-ing servitude had beén conveyed “to the state[J” 340 So.2d at 271. The court reasoned thát the road subject to the preexisting servitude was not statutorily dedicated, despite the inclusion of a dedication *58 statement in the filing, because, “[o]nee the public has gained a conventional servitude of"use over a highway ... policy requirements - are fulfilled, and there is really no need for the public to own the land -beneath the right of way and/or highway.” Pioneer Production Corp., 340 So.2d at 274.
|..Similarly, in 6444 Associates, L.L.C., this court found that the City of Baton Rouge, Parish of East Baton Rouge did not gain ownership of a section of property subject to a pre-existing servitude. Once again, the pre-existing servitude in that case had been granted in favor of the public. The pre-existing servitude had been granted in favor of the public body, the “City-Parish,” for drainage and maintenance purposes. 6444 Associates, L.L.C., 851 So.2d at 1170. The court reasoned:
The dedicatory language contained in the ... map applies only to those right-of-ways “not previously dedicated.” The [servitude] was “previously dedicated” by virtue of the [servitude] [a]greement. Because it was “previously dedicated,” the subsequent subdivision of the property did not effect the [servitude]. Therefore, the City-Parish did not gain a fee interest in the right-of-way by the subdivision of the [s]ubject [property in 1996.
6444 Associates, L.L.C., 851 So.2d at 1172.
In the case at bar, the inclusion of property subject to a pre-existing conventional servitude on the 2009 map submitted to Ascension Parish, authorities does not influence my-decision regarding whether the filing, effected a statutory dedication. As in 6444 Associates, L.L.C. and Pioneer Production Corp., the 2009 map included a dedication statement, . stating: “The street[s] and rights of way shown hereon, if not previously dedicated are hereby dedicated to the perpetual use of the public for public . purposes.” Unlike the prior cases, however, the servitude at issue here had not been “previously dedicated” to the public. Rather, it is a pre-existing predial servitude that grants a right of passage over subject property in favor of a limited number of dominant estates; it does not inure to the benefit of the general public or the public body, nor has it been otherwise previously, dedicated to the public. As the determinative policy considerations in the cited cases are not present and as the circumstances of the pre-existing conventional servitudes are distinct, I must respectfully disagree with the majority’s discussion of the relevance of the preexisting 1992 conventional servitude.
Nevertheless, I agree with the majority’s conclusion that the 2009 filing did not effect a statutory dedication. In pertinent part, the majority correctly notes that plats must be given a “rational construction” and that such a construction may negate the intent of a subdividing landowner to statutorily dedicate a street to public use. See 6444 Associates, L.L.C., 851 So.2d at 1172. Here, the filing did |3not show the entirety of the road subject to the servitude, was completed in contemplation of the sale of property not abutting the servitude, and, most importantly, was not signed by all owners of the property underlying the 1992 servitude. These seminal factors persuade me that the trial court erred by finding that the entirety of the road subject to the 1992 servitude was statutorily dedicated by the submission of the 2009 map.
For the foregoing reasons, I respectfully concur.